```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Atlantic Pacific Lines, Inc.,

                    Plaintiff,

-against-

North American Cargo, Inc. et al.,

                    Defendants.

1:19-cv-08037 (GBD) (SDA)

OPINION AND ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Pending before the Court is a motion by Defendant UW International Corp. ("UW") to set aside its default.[1] (UW Mem., ECF No. 61.) For the reasons set forth below, UW's motion is GRANTED.[2]

## BACKGROUND

On August 28, 2019, Plaintiff Atlantic Pacific Lines, Inc. ("Plaintiff" or "APL") commenced this action against UW and Defendant North American Cargo, Inc. ("NAC"). (*See* Compl., ECF No. 1.) In the Complaint, APL alleges that, as the merchants under bills of lading, UW and NAC were responsible for the payment of all charges with respect to the transportation of certain shipments for which they retained APL. (*See id*. ¶ 20.) APL further alleges that UW and NAC (or their agents

---

[1] As set forth in the Background section below, a Clerk's Certificate of Default had been entered against UW after it failed to timely respond to the Complaint and Plaintiff subsequently filed a motion for default judgment against UW. After receiving the default judgment motion papers, UW appeared and filed a memorandum in opposition to Plaintiff's motion, in which UW argues that its default should be set aside. The Court is treating UW's memorandum as a cross-motion to set aside its default. (*See* 11/16/21 Order, ECF No. 64.)

[2] A motion to set aside entry of default is subject to disposition by a Magistrate Judge under 28 U.S.C. § 636(b)(1)(A). *See Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020).

or customers) failed to obtain the shipments upon delivery in Pakistan. (*See id*. ¶ 21.) As a result, APL alleges that it has been damaged by the charges levied against it by the container line and the port terminal, which charges were paid by APL. (*See id*. ¶ 22.) Based upon the foregoing, APL asserts a claim for breach of maritime contract against UW and NAC. (*See id*. ¶¶ 19-25.)

In December 2019, APL attempted to serve UW in California at the address of its registered agent, but was unable to do so because (according to APL) the address at which service upon UW was attempted, 9860 Gidley Street, El Monte, California, 91731, was, in fact, a storage yard. (*See* Pl.'s 1/3/20 Mem., ECF No. 19, at 1; Return of Non-Service, ECF No. 20-2.) Thereafter, APL sought and, on January 7, 2020, was granted, leave to make substituted service on UW by delivery to the California Secretary of State. (*See* 1/7/20 Order, ECF No. 22.) On January 15, 2020, the Summons and Complaint were served upon UW by delivery to the California Secretary of State's office. (UW Aff. of Service, ECF No. 25.) On February 19, 2020, a Clerk's Certificate of Default was entered against UW after it failed to timely respond to the Complaint. (*See* Cert., ECF No. 31.)

On June 7, 2021, this action was referred to me by District Judge Daniels. (*See* Order of Ref., ECF No. 51.) On June 8, 2021, I entered an Order directing the parties to "file a joint letter regarding the status of this action on September 2, 2021 or once a resolution has been reached, whichever is sooner."[3] (*See* 6/8/21 Order, ECF No. 52.) On September 2, 2021, Plaintiff filed a Notice of Settlement, stating that a settlement had been reached with NAC only and that the claims against UW "remain[ed] pending." (*See* Notice of Settlement, ECF No. 53.)

---

[3] My June 8 Order was premised upon a joint status letter sent to Judge Daniels which stated that "[t]he parties continue to discuss potential resolution." (6/4/21 Joint Ltr., ECF No. 49.)

At the Court's direction (*see* 9/7/21 Order, ECF No. 54), on September 10, 2021, Plaintiff filed a status letter with the Court indicating its intention to seek a default judgment against UW. (*See* 9/10/21 Ltr., ECF No. 55.) By Order dated September 13, 2021, the Court directed Plaintiff to file its motion for default judgment against UW no later than October 13, 2021. (*See* 9/13/21 Order, ECF No. 56.)

On October 12, 2021, Plaintiff filed its motion for default judgment against UW. (*See* Pl.'s Default J. Mot., ECF No. 57.) By Order dated October 13, 2021, the Court directed that any response by UW to Plaintiff's motion for a default judgment be filed no later than November 15, 2021 and that, no later than October 15, 2021, Plaintiff serve a copy of the Order on UW. (*See* 10/13/21 Order, ECF No. 58.) On October 14, 2021, Plaintiff served my October 13 Order and its default judgment papers on UW by certified mail to the address for UW's registered agent at 9860 Gidley Street, El Monte, California, 91731.[4] (*See* 10/14/21 Cert. of Service, ECF No. 59.)

On November 15, 2021, UW appeared and timely filed a memorandum in opposition to Plaintiff's motion, in which UW argues that its default should be set aside. (*See* UW Mem. at 3.) UW states that the California Secretary of State's office never forwarded the Complaint to UW and that UW first became aware of this lawsuit on October 26, 2021 when it received the papers that Plaintiff served by mail on October 14, 2021. (*See* UW Mem. at 1; 11/15/2021 Hooper Decl., ECF No. 62, ¶¶ 3-5.) On December 1, 2021, Plaintiff filed a memorandum in response. (*See* 12/1/21 Def.'s Resp., ECF No. 65.) On December 7, 2021, UW filed a reply memorandum and declaration. (*See* UW Reply, ECF No. 66; 12/6/2021 Hooper Decl., ECF No. 66-1.)

---

[4] This is the same address where Plaintiff sought to personally serve UW's registered agent in December 2019.

## **LEGAL STANDARDS**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Once an entry of default has been made, the defendant may move to set aside the default pursuant to Rule 55(c) for good cause shown. Fed. R. Civ. P. 55(c).

Where, as here, a Certificate of Default has been entered by the Clerk of the Court, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").

In determining whether good cause exists to set aside an entry of default, courts consider: (1) "the willfulness of the default"; (2) "the existence of a meritorious defense"; and (3) "the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "It is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky*, 249 F.3d at 174.

"The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (ellipsis in original) (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)).

## ANALYSIS

Applying the relevant factors, the Court, in its discretion, finds that UW's default must be set aside, as discussed below.

### I. UW's Default Was Not "Willful"

The Court finds that UW's default was not "willful" under the relevant legal standards. A finding of willfulness is appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." *Holland v. James*, No. 05-CV-05346 (KMW) (KNF), 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996)). Courts should "resolve any doubt about [a defendant's] willfulness in [its] favor." *Raheim v. New York City Health and Hosps. Corp.*, No. 96-CV-01045 (JFB) (CPP), 2007 WL 2363010, at *4 (E.D.N.Y. Aug. 14, 2007) (citing *Enron*, 10 F.3d at 98).

In the present case, California Secretary of State's office apparently never forwarded the Summons and Complaint to UW. There is no evidence that UW ever received copies of any documents filed in this case prior to October 26, 2021. Plaintiff provided the Court with communications sent by email to uwicorponline@gmail.com on August 21, 2019 (*see* 12/1/21 Def.'s Resp., Ex. B), but this action was not commenced until August 28, 2019. Most significantly, UW represents that it is not aware of and never has used the email address

5

uwicorponline@gmail.com. (*See* 12/6/2021 Hooper Decl. ¶ 4.) Plaintiff also refers to hearsay communications with NAC that NAC had advised UW of this lawsuit, but UW's sworn declaration states that UW never communicated with NAC and was not aware of this lawsuit prior to October 26, 2021. (*See id*. ¶ 3.) Accordingly, the Court finds that Defendant's conduct was not "willful."[5]

## II. UW Has Established A Meritorious Defense

The Court finds that UW has established a meritorious defense to Plaintiff's breach of contract claim. "In order to make a sufficient showing of a meritorious defense, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Oscilloscope Pictures, Inc. v. Monbo*, No. 17-CV-07458 (MKB) (ST), 2019 WL 2435644, at *7 (E.D.N.Y. Mar. 25, 2019) (alteration omitted) (quoting *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005)); *see also Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (defense "need not be ultimately persuasive at this stage" to satisfy this factor).

UW asserts that it never entered into a contractual relationship with APL, never attempted to sell any goods to buyers in Pakistan and never contracted with shipping carriers for the shipment of goods to Pakistan. (*See* 11/15/2021 Hooper Decl. ¶¶ 8-10.) Thus, UW has articulated a possible meritorious defense to Plaintiff's breach of contract claim.

---

[5] Even if UW's conduct somehow were found to be willful, UW's default should be vacated based upon application of the two factors discussed below. *See Holzman Fabian Diamonds Ltd. v. R & E Diamonds LLC*, No. 17-CV-09489 (AJN), 2019 WL 1099944, at *4 (S.D.N.Y. Mar. 8, 2019) (granting motion to set aside clerk's entry of default despite finding that "[d]efendant's default was willful" and that defendant had only put forward "the bare minimum for showing the possibility of meritorious defenses").

### III. Plaintiff Will Not Be Significantly Prejudiced By Vacating The Default

Plaintiff has not established that it will suffer any significant level of prejudice by vacating the default. Indeed, it its response to UW's request that its default be vacated, Plaintiff fails to mention prejudice at all. (*See* 12/1/21 Def.'s Resp.)

### CONCLUSION

For the foregoing reasons, UW's motion to set aside the default is GRANTED. The Clerk of Court is directed to vacate the Certificate of Default against UW (ECF No. 31).[6] No later than December 23, 2021, UW shall respond to Plaintiff's Complaint.

**SO ORDERED.**

Dated: December 9, 2021
       New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

---

[6] Accordingly, Plaintiff's motion for a default judgment (ECF No. 57) is rendered moot.